MICHAEL S. AMATO
RUSKIN MOSCOU FALTISCHEK, P.C.
East Tower, 15th Floor
1425 RXR Plaza
Uniondale, New York 11556-1425
(516) 660-6600

Attorneys for T&V Construction Co., Inc.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

JOSEPH M. BRANCH,

                      Debtor.
-------------------------------------------------------------X

Case No. 15-73580 LAS

Chapter 7

## MOTION FOR ORDER PURSUANT TO § 362(D) OF THE BANKRUPTCY CODE GRANTING RELIEF FROM THE AUTOMATIC STAY

TO:    HONORABLE LOUIS A. SCARCELLA
         UNITED STATES BANKRUPTCY JUDGE

T&V Construction Co., Inc. ("T&V"), by its counsel, Ruskin Moscou Faltischek, P.C., as and for its motion (the "Motion") for an order substantially in the form annexed hereto pursuant to 11 U.S.C. § 362(d) and Rule 4001 of the Federal Rules of Bankruptcy Procedure ("FRBP") granting it relief from the automatic stay imposed by 11 U.S.C. § 362(a), and permitting it to foreclose on Debtor's premises, known commonly as 612 Centerwood Street, Babylon, New York (the "Premises") and sell same and apply the proceeds of the sale to satisfy the Debtor's obligations due and owing to T&V, respectfully represents and states as follows:

### PROCEDURE

1.    On August 21, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief (the "Bankruptcy Case") under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the Eastern District of New York.

624105

2.  Kenneth Kirschenbaum was appointed and duly qualified as Chapter 7 Trustee in the Bankruptcy Case.

### JURISDICTION

3.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). Venue of this proceeding is proper in this jurisdiction pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested is 11 U.S.C. § 362 (d).

### BACKGROUND

4.  On February 3, 2011, the Debtor and his spouse, Yvonne Branch ("Mrs. Branch"), executed and delivered to T&V a purchase money fixed rate note in the amount of $200,000 (the "First Note"). A true and complete copy of the First Note is annexed hereto as Exhibit "A".

5.  To secure repayment of the Note, the Debtor and Mrs. Branch executed and delivered to T&V a mortgage dated February 3, 2011, in the principal amount of $200,000, encumbering the Premises (the "First Mortgage"), also described as:

> ALL THAT CERTAIN PLOT, piece or parcel of land with the buildings or improvements thereon erected, situate, lying and being in the Town of Babylon, County of Suffolk and State of New York, known and designated on a certain map entitled "Map of Belmont Parkway Estates, Section 4, adjoining State Park Babylon, Suffolk County, New York property of Cadman H. Frederick, 258 Broadway, N.Y.C.," and dated August 19, 1926 surveyed by George H. Walbridge, C.E. & S., Babylon, Long Island, New York, and filed in the Suffolk County Clerk's Office September 9, 1926 as Map Number 1012 as and by Lot 2271, which said lot is bounded and described as follows:
>
> BEGINNING at a point on the southwesterly line of Centerwood Street distant 225.64 feet northwesterly, as measured along the southwesterly line of Centerwood Street from the corner formed by the intersection of the southwesterly line of Centerwood Street and

the westerly line of Westchester Avenue, said point of beginning being where the division line between Lots 2271 and 2272 intersects the southwesterly line of Centerwood Street, and from said point of beginning;

RUNNING THENCE along said division line, South 32 degrees 48 minutes 00 seconds West a distance of 100.00 feet to Lot 2277;

RUNNING THENCE along the division line between Lots 2271 and 2277, North 57 degrees 12 minutes 00 seconds West a distance of 100.00 feet to Lot 2270;

RUNNING THENCE along the division line between Lot 2270 and 2271, North 32 degrees 48 minutes 00 seconds East a distance of 100.00 feet to the southwesterly line of Centerwood Street;

RUNNING THENCE along the southwesterly line of Centerwood Street, South 57 degrees 12 minutes 00 seconds East a distance of 100.00 feet to the point or place of BEGINNING.

6. The First Mortgage was recorded in the Suffolk County Clerk's Office on March 11, 2011, Liber 22053, Page 929. A true and complete copy of the First Mortgage and recording information is annexed hereto as Exhibit "B".

7. On or about February 3, 2011, Debtor and Mrs. Branch executed and delivered to T&V a second purchase money fixed rate note in the amount of $97,000 (the "Second Note"). A true and complete copy of the Second Note is annexed hereto as Exhibit "C".

8. To secure repayment of the Second Note, Debtor and Mrs. Branch executed and delivered to T&V a mortgage in the amount of $97,000 (the "Second Mortgage") encumbering the Premises. The Second Mortgage was recorded in the Suffolk County Clerk's Office on March 14, 2011 at Liber 22053, Page 930. A true and complete copy of the Second Mortgage and recording information is annexed hereto as Exhibit "D".

9. On May 22, 2013, T&V commenced a foreclosure action on the First Mortgage in the Supreme Court, State of New York, County of Suffolk, Case No. 061052/2013 (the

624105

"Foreclosure Action").

10.    A Judgment of Foreclosure and Sale ("Judgment") was entered on June 23, 2015. A true and complete copy of the Judgment with Notice of Entry is annexed hereto as Exhibit "E".

11.    Pursuant to the Judgment, as of August 31, 2014, there was then due and owing from the Debtor to T&V the amount of $259,683.77 plus interest thereon at the rate of nine percent (9%) per annum calculated as follows:

| | |
|---|---|
| Principal | $198,953.56 |
| Interest through 8/31/14 | $ 39,776.24 |
| Unpaid real estate taxes | $ 20,953.97 |
| | $259,683.77 |

12.    Neither the Debtor nor Mrs. Branch have made any payments with respect to the First Mortgage or the Second Mortgage since entry of the Judgment.

13.    Pursuant to the First Note and First Mortgage, as of September 30, 2015, there is now due and owing from the Debtor and Mrs. Branch the sum of $295,730.67 calculated as follows:

| | |
|---|---|
| Judgment Amount | $259,953.98 |
| Interest from 9/1/14 - 9/30/15 | $ 25,319.17[1] |
| Unpaid taxes | $ 10,457.52 |
| | $295,730.67 |

14.    In addition to the foregoing, pursuant to the Second Note and Second Mortgage there is now due and owing from the Debtor and Mrs. Branch the sum of $135,810 calculated as follows:

---

[1] Interest accrues at $64.92 per diem.

624105

        Second Note                                    $ 97,000

        Interest from 2/3/11 - 9/30/15      $ 38,810

                                                   $135,810

15.     The Debtor has been delinquent in the payments due under the First Note and the Second Note since January 1, 2012.

16.     On Schedule D, filed with the Petition, the Debtor listed T&V as holding an undisputed claim in the amount of $259,000 based upon the First Mortgage and $97,000 based upon the Second Mortgage. The Debtor listed the value of the Premises as $280,421 on Schedules "A" and "D". As such, the Debtor acknowledges that he has no equity in the Premises. True and complete copy of Schedules "A" and "D" are annexed hereto as Exhibit "F".

## THE AUTOMATIC STAY SHOULD BE VACATED

17.     11 U.S.C. § 362(d) authorizes relief from the automatic stay: (1) for cause, including lack of adequate protection of an interest in property; or (2) if the debtor does not have equity in such property and the property is not necessary for an effective reorganization.

18.     Section 362(d)(1) & (2) of the Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay —
> (1)     for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2)     with respect to a stay of an act against property under subsection (a) of this section, if —
> (A)     the debtor does not have an equity in such property, and
> (B)     such property is not necessary to an effective reorganization.

19.     Cause for stay relief under § 362(d)(1) is not defined in the Bankruptcy Code, and must be determined on a case by case basis based on an examination of the totality of

circumstances. *Mac Donald v. Mac Donald (In re Mac Donald)*, 755 F.2d 715, 717 (9th Cir.1985); *Kronemyer v. Am. Contractors Indem. Co. (In re Kronemyer)*, 405 B.R. 915, 921 (9th Cir. BAP 2009); *In re Reitnauer*, 152 F.3d 341, 343 n. 4 (5th Cir.1998); *In re Mendoza*, 111 F.3d 1264 (5th Cir. 1997).

20. By this Motion, T&V seeks an order authorizing it to obtain possession of the Premises and sell same through continuance of the Foreclosure Action, applying the proceeds of the sale to satisfy the Debtor's outstanding obligations to T&V and paying any surplus over to the Debtor's estate.

21. The Debtor acknowledges that he has no equity in the Premises. On Schedules "A" and "D" attached to the Petition, the Debtor states that the liens on the Premises exceed the value of the Premises. (Exhibit "F").

22. As the Debtor's bankruptcy case is proceeding under Chapter 7, the collateral is not required for any effective reorganization.

23. Based upon the foregoing, T&V must be granted relief from the automatic stay because the Debtor does not have any equity in the Premises and same is not necessary for an effective reorganization pursuant to 11 U.S.C. § 362(d)(2).

## COMPLIANCE WITH EDNY LBR 9013-1

24. Based upon the citations included herein, T&V respectfully submits that it has complied with EDNY LBR 9013-1.

## CONCLUSION

WHEREFORE, T&V respectfully requests that this Court issue an order,

    a. vacating the automatic stay pursuant to 11 U.S.C. § 362(d), permitting T&V to sell the Premises at a foreclosure sale, apply the proceeds of the

sale to the Debtor's outstanding obligations to T&V and pay over the surplus, if any, to the Debtor's estate;

b.   together with such other and further relief as this Court deems just and proper.

Dated: Uniondale, New York
       September 25, 2015

RUSKIN MOSCOU FALTISCHEK, P.C.
Attorneys for T & V Construction Co., Inc.

By: _____
Michael S. Amato
East Tower, 15th Floor
1425 RXR Plaza
Uniondale, NY 11556-1425
(516) 663-6600

7

624105

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                              CASE NO.   15-73580 LAS

JOSEPH M. BRANCH

                                                                    CHAPTER  7

                Debtor(s).
-----------------------------------------------------------x

---

**RELIEF FROM STAY – REAL ESTATE AND
COOPERATIVE APARTMENTS**

---

## BACKGROUND INFORMATION

1. ADDRESS OF REAL PROPERTY OR COOPERATIVE APARTMENT:

   612 Centerwood Street
   Babylon, New York

2. LENDER NAME:

   T&V Construction Co., Inc.

3. MORTGAGE DATE:

   February 3, 2011

4. POST-PETITION PAYMENT ADDRESS:

   P.O. Box 181
   Plainview, NY 11803

## DEBT AND VALUE REPRESENTATIONS

5. TOTAL PRE-PETITION AND POST-PETITION INDEBTEDNESS OF DEBTOR(S) TO MOVANT AS OF THE MOTION FILING DATE: $ 437,390.56
   *(THIS MAY NOT BE RELIED UPON AS A "PAYOFF" QUOTATION.)*

6. MOVANT'S ESTIMATED MARKET VALUE OF THE REAL PROPERTY OR COOPERATIVE APARTMENT AS OF THE MOTION FILING DATE: $ 280,421

7. SOURCE OF ESTIMATED MARKET VALUE: Petition, Schedules "A" and "D"

## STATUS OF THE DEBT AS OF THE PETITION DATE <u>FIRST MORTGAGE</u>

8. DEBTOR(S)'S INDEBTEDNESS TO MOVANT AS OF THE PETITION DATE:

    A. TOTAL:      $ 301,580.56

    B. PRINCIPAL:      $ 198,953.22

    C. INTEREST:      $ 65,095.41

    D. ESCROW (TAXES AND INSURANCE):      $ 31,411.50

    E. FORCED PLACED INSURANCE EXPENDED BY MOVANT:      $ 0.00

    F. PRE-PETITION ATTORNEYS' FEES CHARGED TO DEBTOR(S): $ 3,900.00

    G. PRE-PETITION LATE FEES CHARGED TO DEBTOR(S):      $ 0.00

9. CONTRACT INTEREST RATE: __7.5%__
*(IF THE INTEREST RATE HAS CHANGED, LIST THE RATE(S) AND DATE(S) THAT EACH RATE WAS IN EFFECT ON A SEPARATE SHEET AND ATTACH THE SHEET AS AN EXHIBIT TO THIS FORM. STATE THE EXHIBIT NUMBER HERE: ___.)*

10. OTHER PRE-PETITION FEES, CHARGES OR AMOUNTS CHARGED TO DEBTOR(S)'S ACCOUNT AND NOT LISTED ABOVE:

$2,220.43 statutory costs and fees awarded in Judgment of Foreclosure dated June 23, 2015

*(IF ADDITIONAL SPACE IS REQUIRED, LIST THE AMOUNT(S) ON A SEPARATE SHEET AND ATTACH THE SHEET AS AN EXHIBIT TO THIS FORM. STATE THE EXHIBIT NUMBER HERE: ___.)*

## AMOUNT OF POST-PETITION DEFAULT AS OF THE MOTION FILING DATE

11. DATE OF RECEIPT OF LAST PAYMENT: January 1, 2012

12. NUMBER OF PAYMENTS DUE FROM PETITION DATE TO MOTION FILING DATE: __2__ PAYMENTS.

## STATUS OF THE DEBT AS OF THE PETITION DATE   <u>SECOND MORTGAGE</u>

8. DEBTOR(S)'S INDEBTEDNESS TO MOVANT AS OF THE PETITION DATE:

    A. TOTAL: $ 135,810.00

    B. PRINCIPAL: $ 97,000.00

    C. INTEREST: $ 38,810.00

    D. ESCROW (TAXES AND INSURANCE): $ 0.00

    E. FORCED PLACED INSURANCE EXPENDED BY MOVANT: $ 0.00

    F. PRE-PETITION ATTORNEYS' FEES CHARGED TO DEBTOR(S): $ 0.00

    G. PRE-PETITION LATE FEES CHARGED TO DEBTOR(S): $ 0.00

9. CONTRACT INTEREST RATE: __7.5%__
*(IF THE INTEREST RATE HAS CHANGED, LIST THE RATE(S) AND DATE(S) THAT EACH RATE WAS IN EFFECT ON A SEPARATE SHEET AND ATTACH THE SHEET AS AN EXHIBIT TO THIS FORM. STATE THE EXHIBIT NUMBER HERE: ___.)*

10. OTHER PRE-PETITION FEES, CHARGES OR AMOUNTS CHARGED TO DEBTOR(S)'S ACCOUNT AND NOT LISTED ABOVE:




*(IF ADDITIONAL SPACE IS REQUIRED, LIST THE AMOUNT(S) ON A SEPARATE SHEET AND ATTACH THE SHEET AS AN EXHIBIT TO THIS FORM. STATE THE EXHIBIT NUMBER HERE: ___.)*

## AMOUNT OF POST-PETITION DEFAULT AS OF THE MOTION FILING DATE

11. DATE OF RECEIPT OF LAST PAYMENT: January 1, 2012

12. NUMBER OF PAYMENTS DUE FROM PETITION DATE TO MOTION FILING DATE: __2__ PAYMENTS.

13. POST-PETITION PAYMENTS IN DEFAULT:

| PAYMENT DUE DATE | AMOUNT DUE | AMOUNT RECEIVED | AMOUNT APPLIED TO PRINCIPAL | AMOUNT APPLIED TO INTEREST | AMOUNT APPLIED TO ESCROW | LATE FEE CHARGED |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
| TOTAL: | $ | $ | $ | $ | $ | $ |

14. OTHER POST-PETITION FEES CHARGED TO DEBTOR(S):

    A. TOTAL: $ _____

    B. ATTORNEYS' FEES IN CONNECTION WITH THIS MOTION: $ 3,000.00

    C. FILING FEE IN CONNECTION WITH THIS MOTION: $ 176.00

    D. OTHER POST-PETITION ATTORNEYS' FEES: $ 0.00

    E. POST-PETITION INSPECTION FEES: $ 0.00

    F. POST-PETITION APPRAISAL/BROKER'S PRICE OPINION FEES $ 0.00

    G. FORCED PLACED INSURANCE EXPENDED BY MOVANT: $ 0.00

15. AMOUNT HELD IN SUSPENSE BY MOVANT: $ 0.00

16. OTHER POST-PETITION FEES, CHARGES OR AMOUNTS CHARGED TO DEBTOR(S)'S ACCOUNT AND NOT LISTED ABOVE:

*(IF ADDITIONAL SPACE IS REQUIRED, LIST THE AMOUNT(S) ON A SEPARATE SHEET AND ATTACH THE SHEET AS AN EXHIBIT TO THIS FORM. STATE THE EXHIBIT NUMBER HERE: ____.)*

## REQUIRED ATTACHMENTS TO MOTION

PLEASE ATTACH THE FOLLOWING DOCUMENTS TO THIS MOTION AND INDICATE THE EXHIBIT NUMBER ASSOCIATED WITH EACH DOCUMENT.

(1)  COPIES OF DOCUMENTS THAT ESTABLISH MOVANT'S INTEREST IN THE SUBJECT PROPERTY. FOR PURPOSES OF EXAMPLE ONLY, THIS MAY BE A COMPLETE AND LEGIBLE COPY OF THE PROMISSORY NOTE OR OTHER DEBT INSTRUMENT TOGETHER WITH A COMPLETE AND LEGIBLE COPY OF THE MORTGAGE AND ANY ASSIGNMENTS IN THE CHAIN FROM THE ORIGINAL MORTGAGEE TO THE CURRENT MOVING PARTY. (EXHIBIT A-F.)

(2)  COPIES OF DOCUMENTS THAT ESTABLISH MOVANT'S STANDING TO BRING THIS MOTION. (EXHIBIT A-F.)

(3)  COPIES OF DOCUMENTS THAT ESTABLISH THAT MOVANT'S INTEREST IN THE REAL PROPERTY OR COOPERATIVE APARTMENT WAS PERFECTED. FOR THE PURPOSES OF EXAMPLE ONLY, THIS MAY BE A COMPLETE AND LEGIBLE COPY OF THE FINANCING STATEMENT (UCC-1) FILED WITH THE CLERK'S OFFICE OR THE REGISTER OF THE COUNTY IN WHICH THE PROPERTY OR COOPERATIVE APARTMENT IS LOCATED. (EXHIBIT B, D.)

## DECLARATION AS TO BUSINESS RECORDS

I, __MANUEL VARVERIS__, THE __PRINCIPAL__ OF __T&V CONSTRUCTION CO., INC.__, THE MOVANT HEREIN, DECLARE PURSUANT TO 28 U.S.C. SECTION 1746 UNDER PENALTY OF PERJURY THAT THE INFORMATION PROVIDED IN THIS FORM AND ANY EXHIBITS ATTACHED HERETO (OTHER THAN THE TRANSACTIONAL DOCUMENTS ATTACHED AS REQUIRED BY PARAGRAPHS 1, 2, AND 3, ABOVE) IS DERIVED FROM RECORDS THAT WERE MADE AT OR NEAR THE TIME OF THE OCCURRENCE OF THE MATTERS SET FORTH BY, OR FROM INFORMATION TRANSMITTED BY, A PERSON WITH KNOWLEDGE OF THOSE MATTERS; THAT THE RECORDS WERE KEPT IN THE COURSE OF THE REGULARLY CONDUCTED ACTIVITY; AND THAT THE RECORDS WERE MADE IN THE COURSE OF THE REGULARLY CONDUCTED ACTIVITY AS A REGULAR PRACTICE.

I FURTHER DECLARE THAT COPIES OF ANY TRANSACTIONAL DOCUMENTS ATTACHED TO THIS FORM AS REQUIRED BY PARAGRAPHS 1, 2, AND 3, ABOVE, ARE TRUE AND CORRECT COPIES OF THE ORIGINAL DOCUMENTS.

EXECUTED AT __Uniondale, New York__
ON THIS __25th__ DAY OF __September__, 20__15__

NAME: MANUEL VARVERIS
TITLE: PRINCIPAL
MOVANT: T&V CONSTRUCTION CO., INC.
STREET ADDRESS: P.O. BOX 181
CITY, STATE AND ZIP CODE: PLAINVIEW, NY 11803

## DECLARATION

I, __MANUEL VARVERIS__, ~~THE~~ __AN OFFICER__ OF __T&V CONSTRUCTION CO., INC.__, THE MOVANT HEREIN, DECLARE PURSUANT TO 28 U.S.C. SECTION 1746 UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT BASED ON PERSONAL KNOWLEDGE OF THE MOVANT'S BOOKS AND BUSINESS RECORDS.

EXECUTED AT __Uniondale, New York__
ON THIS __25th__ DAY OF __September__, 20__15__

NAME: MANUEL VARVERIS
TITLE: PRINCIPAL
MOVANT: T&V CONSTRUCTION CO., INC.
STREET ADDRESS: P.O. BOX 181
CITY, STATE AND ZIP CODE: PLAINVIEW, NY 11803